UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

FILED
NOV 0 4 2015
CLERK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| DOUBLE H MASONRY, INC., | * | CIV 15-5004 |
| Plaintiff, | * | |
| vs. | * | MEMORANDUM OPINION AND ORDER |
| LIBERTY MUTUAL INSURANCE COMPANY, | * | |
| Defendant. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Milender White Construction Co. (Milender White) is a general building construction contractor and Double H Masonry, Inc. (Double H) is a masonry subcontractor. Liberty Mutual Insurance Company (Liberty Mutual) is the bonding company for Milender White on the construction project. Milender White entered into a construction contract with the Oglala Sioux Tribe - Department of Public Safety on the Pine Ridge Indian Reservation in South Dakota for the construction of the Pine Ridge Justice Center complex with the contract being in the amount of $30,466,297.00. The initial Double H Masonry subcontract was $1,112,550.00 which was adjusted by a Task Order to $1,171,311.00. An additional amount of at least $563,927.50 is claimed by Double H from Milender White for other work done on the project. Milender White has various claims against Double H. Section 12(A) of the subcontract by Milender White provided:

> Any claims resolution procedure incorporated in the Prime Contract shall be deemed incorporated in this Agreement, and shall apply to any disputes arising hereunder, in the sole discretion of [Milender White]. Specifically, [Double H] agrees that if the Prime Contract contains an arbitration clause (or other non-judicial method of dispute resolution), [Double H] may be compelled to arbitrate (or engage in another specified non-judicial method of resolution of) any dispute arising under this Subcontract and be joined by [Milender White] in any arbitration involving the Project that is the subject of this Subcontract, all at [Milender White's] sole and exclusive option.

The contract at Section 13.3.2 provides: "the Parties agree that binding arbitration pursuant to the

provisions of this Agreement shall be the remedy for all disputes, controversies and claims arising out of this Agreement,".

Pursuant to those contract provisions, Milender White made an initial and now amended demand for arbitration, the amended demand being made on August 6, 2015, and filed with the Court on October 8, 2015. Under the contract and the subcontract provisions, Milender White has the sole authority and option to refer any matter to binding arbitration.

There is a Motion to Stay this litigation while the arbitration of Double H's and Milender White's claims against each other proceed through arbitration. Those claims consist of the claim of at least $563,927.50 for additional work performed by Double H over and above the $1,107,716.00 Milender White paid Double H and counterclaims by Milender White against Double H. Double H asserts various direct claims against Liberty Mutual Insurance Company (Liberty Mutual). The claims in Count Two of the Second Amended Complaint have a pending Motion to Dismiss.

In addition to the above, there was a separate award made by the Oglala Sioux Tribal Employment Rights Office in favor of Double H and against Milender White in the amount of $293,186.00, plus interest. That award is not the subject of any arbitration and has not been paid. As for the $293,186.00 awarded by the Oglala Sioux Tribal Rights Office in favor of Double H and against Milender White, that amount has not been claimed by Double H Masonry in its claim against Liberty Mutual in the Second Amended Complaint filed October 8, 2015. That award was the subject of another claim brought in this Court, that being Milender White Construction Co. v. Oglala Sioux Tribe - Tribal Employment Rights Office, Civil 13-5087. That request for injunction and declaratory relief was dismissed without prejudice as it was stated that:

> The court concludes that if this court does have subject matter jurisdiction, the court should defer to the Oglala Sioux Tribal Court and allow the tribal court to first resolve the factual and legal issues.

Milender White subsequently sued the Oglala Sioux Tribal Rights Office in Oglala Sioux Tribal Court and this Court has just now been advised that the case is settled under undisclosed terms.

2

## DISCUSSION

The notice and mediation requirements, conditions precedent to arbitration, have now been met, with the unsuccessful mediation having been held on August 26, 2015.

Plaintiff Double H Masonry, Inc. has also claimed that the contractual provisions providing for arbitration of disputes are arbitrary, unconscionable and unenforceable. One of the bases for that claim is set forth in the affidavit of Lew Hoyt, President and owner of Double H. Mr. Hoyt affirms that the subcontract for Double H was presented in an abrupt take it or leave it fashion, with no room for negotiation. Accepting that representation as true, the contracting parties are both substantial business entities, and Double H could have declined to enter into the contract and declined to do the work. Another basis for the resistance to arbitration is that the contract with Double H that arbitration can be demanded only at the option of Milender White Construction Company. That unilateral option is harsh but it does not make the provisions for arbitration in the contract unenforceable.

The Court stayed proceedings until mediation could be held. The Court will now order arbitration pursuant to the contracts.

Liberty Mutual relies upon SDCL 56-2-6 which provides in part that a surety may require his creditor to proceed against the principal. By participating, albeit unwillingly, pursuant to this Court's Order, in pursuing its claims against Milender White in arbitration, Double H will be meeting that statutory requirement.

Double H has also argued that its claims for extra work and unsigned change orders are outside the scope of the contract with Milender White and thus not subject to arbitration. These clams for additional work arose out of the subcontract for this building which got Double H on the job and is the same type of work as was initially contracted. The extra work claims are properly part of the arbitration proceedings. *Hautz Constr., LLC v. H&M Dep't Store*, 2012 WL 5880370, 2012 U.S. Dist. Lexis 16630 (D.N.J. 2012).

3

Finally, Double H claims that SDCL 21-25A-3 prohibits the staying of this case. The South Dakota statute, initially passed while this judge was in the South Dakota Legislature in 1971, precludes an insurance policy from requiring arbitration by a party to or a beneficiary of a policy. The problem with that argument is that a payment bond is not a policy of insurance. At its core, the difference is that a policy of insurance from the outset takes the risk with no recourse to the insured as in the case of casualty insurance or life insurance. By comparison, a payment bond is entered into as a conduit. The surety assures payment that in this case the principal, Milender White, should have made, but the surety after payment then looks to the principal, the entity for whom the payment was made. The prohibition against arbitration in SDCL 21-25A-3 is not applicable to a surety bond but only to insurance policies.

Liberty Mutual has urged that it is entitled as a matter of right to a stay under the Federal Arbitration Act, citing *Thomas O'Connor & Co. v. Ins. Co. of N.Am.*, 697 F.Supp. 563 (D.Mass. 1988), which Double H distinguishes primarily on the basis that the present subcontract does not incorporate by reference the Liberty Mutual bond. That question is moot as the court has determined that it will enter the stay as a matter of case management of disputes arising from construction work by Double H for Milender White on this project.

So there is no misunderstanding, the $291,666.66 punitive damage award by the Oglala Sioux Tribal Employment Rights Office (TERO) in favor of Double H and against Milender White is not in this court's view a subject of the arbitration, although that award is also not now before this Court. See generally, *Stature and Scrutiny: Post-Exhaustion Review of Tribal Court Decisions*, 46 Kan.L.Rev. 241 (1998) and *City of Timber Lake v. Cheyenne River Sioux Tribe*, 10 F.3d 554, 559 (8th Cir. 1993).

Accordingly,

IT IS ORDERED:

1. That Milender White is not before this Court so the Court cannot order Milender White to do anything. Double H is before this Court and Double H

4

must proceed with arbitration on its claims against Milender White and defend the counterclaim brought against it by Milender White.

2. That Defendant Liberty Mutual Insurance Company's Demand for a Stay in the proceedings in this Court (Doc. 14) is granted. The Court does retain jurisdiction for all appropriate Orders that may be necessary.

3. That the $293,186.00 award by the Oglala Sioux Tribal Employment Rights Office against Milender White and in favor of Double H is not before this Court.

4. That beginning January 1, 2016, or the next business day thereafter, the parties shall each give the Court a short statement concerning the progress of the arbitration, with a subsequent report the first of the month every two months thereafter.

5. That the Court will subsequently rule on the pending Motion to Dismiss Count II of the Second Amended Complaint.

Dated this 4th day of November, 2015.

BY THE COURT:

_____
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _Jennifer Stevens_
         DEPUTY

5